**IN THE COURT OF APPEALS OF IOWA**

No. 20-0626
Filed June 17, 2020

**IN THE INTEREST OF J.C., K.C., and K.C.,**
**Minor Children,**

**K.C., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Poweshiek County, Rose Anne
Mefford, District Associate Judge.


        A father appeals the termination of his parental rights to his three children.
**AFFIRMED.**



        Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant father.

        Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant
Attorney General, for appellee State.

        Peter Stiefel, Victor, attorney and guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**VOGEL, Senior Judge.**

A father appeals the termination of his parental rights to his three children, J.C., born July 2015; K.C., born April 2014; and K.C., born June 2013. Because the father made little if any progress in his ability to safely care for the children and termination is in their best interests, we affirm.[1]

The children came to the attention of the Iowa Department of Human Services (DHS) in April 2018.[2] At the time, they were living with the mother in a home in disarray, with little food and general unsanitary conditions. The father was living apart from the family and had little contact with the children. Services were offered to the parents, and the children were adjudicated in need of assistance on June 28. When conditions in the home failed to improve, the children were removed on July 20. Because of safety and supervision concerns, placement with the father was not recommended. Instead, the children were placed in foster care. The dispositional order dated August 9 incorporated DHS's recommendations, in particular that the father complete a substance-abuse evaluation, attend the children's medical and developmental appointments, and participate in offered services. After more than one year of out-of-home placement and little progress made by the father to reunify, the State moved to terminate his parental rights. After an October 30, 2019 hearing, the court ordered his rights terminated on April 2, 2020. The father appeals.

---

[1] The mother consented to the termination of her parental rights pursuant to Iowa Code section 232.116(1)(a) (2019). She does not appeal.

[2] DHS had been involved with this family for several years prior to these proceedings, investigating numerous reports of child neglect and offering a host of services on a voluntary basis.

We review termination of parental rights proceedings de novo, giving weight to but not being bound by the juvenile court's findings. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Our primary concern is the best interests of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The father's parental rights were terminated under Iowa Code section 232.116(1)(d), (e), and (f). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Without specifying which paragraph he disagrees with, the father simply asserts clear and convincing evidence did not exist at the time of the termination hearing that the children could not be returned to his care.

The juvenile court may terminate a parent's rights pursuant to paragraph (f) when the court finds that all the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f).

The father was contacted by the DHS worker prior to the removal to notify him of the events that had occurred; he became angry and hung up on the worker. The father did not engage in offered services, nor did he attend visits with the children other than one visit with the children in November 2018. He declined

further visits until April 2019, when he finally agreed to meet with the DHS worker. He indicated he had been struggling with depression, but he now seemed receptive to DHS feedback. He then began to have fairly regular, weekly supervised visits with the children. In July 2019, the father finally completed a substance-abuse evaluation, which had been ordered at the time of disposition. No treatment was recommended based on the father's own perception of his drug and alcohol use, which he reported to the evaluator. However, when the DHS worker received the evaluator's report, the worker noted it was inconsistent with her understanding of the father's past drug use based on his reports to her, the mother's reports to her, and his criminal history. When the worker attempted to meet with the father to reconcile the inconsistency, the father refused. The DHS worker attempted to contact the father on multiple occasions for the next several months, up to the termination hearing on October 30, but received no response. Just days before the termination hearing, the father agreed to meet with the DHS worker to discuss his admitted methamphetamine use, in light of his recent arrest for possession of methamphetamine.[3]

In concluding the children could not be returned home, the juvenile court found the response of the father to the offered services was "almost nil." The DHS worker opined the children could not be returned to the father because of his unresolved substance-abuse issues and the safety concerns for the children. After hearing all the testimony and considering the offered exhibits, the juvenile court

---

[3] In addition to admitting to the DHS worker that he recently used methamphetamine, the father told law enforcement he last used illegal drugs on the morning of his October 20 arrest.

found the "[f]ather was evasive and non-responsive to the Department throughout most of the case," noting "the [f]ather was not credible in much of his testimony." From our de novo review of the record, we agree. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (noting we give deference to the juvenile court's assessment of credibility). There was clear and convincing evidence the children could not be returned to the custody of the father at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

Next the father asserts it is not in the children's best interests to terminate his parental rights. The record graphically describes the deplorable conditions the children had been living in prior to removal. Although the father did not cause the unhealthy environment, he was nowhere to be found to provide any sort of assistance to correct the dire situation. Insight into what the future likely holds for a child if returned to a parent is gained from evidence of the parent's past performance; it may be indicative of the quality of future care the parent is capable of providing. *See A.B.*, 815 N.W.2d at 778; *J.E.*, 723 N.W.2d at 798. Although the father was advised to attend the children's medical appointments after their removal, he attended none. He provided the juvenile court with only vague responses as to his inattentiveness. Then, after more than one year of offered reunification services, the father's minimal engagement fell far short of being able to have the children in his care. Because of the father's unresolved issues, the juvenile court found, "It would be impossible for him to address the emotional, educational, developmental and medical needs of these children." We agree

termination is in the best interests of these children, and we affirm the termination of the father's parental rights.

The statutory grounds for termination of parental rights were proven by clear and convincing evidence and the best interests of the children are to terminate the father's parental rights and afford the children stability and permanency.

**AFFIRMED.**